IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JERRIAL IBENYENWA | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv1 |
| TEXAS BOARD OF CRIMINAL JUSTICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Jerrial Ibenyenwa, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that the defendants have interfered with his right to freedom of speech and the protections against unjustified governmental intrusion, in violation of the First and Fourteenth Amendments. Plaintiff alleges that defendant Sterling-Sims, a clerk in the Polunsky Unit mailroom, unlawfully censored correspondence to plaintiff by applying a blanket denial to 86 pages of photocopied sexually explicit images, including a picture depicting a nude child, which were included in materials sent to him.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550

U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## Analysis

*Elements of a Cause of Action Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002), *cert. denied*, 539 U.S. 914 (2003). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*First Amendment*

It is well settled that "a prison inmate 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner . . . .'" *Turner v. Safely*, 482 U.S. 78, 95 (1987). A prison may impose regulations and policies that impinge on a prisoner's First Amendment rights, however, if they are reasonably related to a legitimate penological interest. *Brewer v. Wilkinson*, 3 F.3d 816, 820–21, 825–26 (5th Cir. 1993). In analyzing whether a regulation is "reasonably related," a court must consider four factors:

>(1) whether the regulation is "rationally related" to a legitimate penological goal;
>
>(2) whether alternative means of exercising First Amendment rights remain open;
>
>(3) the impact that accommodating the asserted right will have on other prisoners and prison employees; and
>
>(4) whether there are easy and obvious alternative means of accommodating the asserted right.

*Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989). "[R]ationality is the controlling factor, and a court need not weigh each factor equally." *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 607 (5th Cir. 2008).

Under *Turner*, the standard for determining the existence of a rational connection between the challenged regulation and its asserted objectives is highly deferential, and the prisoner bears the burden of showing that the regulation, as applied, has no rational relation to a legitimate penological interest. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("The burden . . . is not on the State to prove the validity of prison regulations but on the prisoner to disprove it."); *Keys v. Torres*, 737 F. App'x 717, 719 (5th Cir. 2018) (citing *Prison Legal News v. Livingston*, 683 F.3d 201, 214-15 (5th Cir. 2012).

The Fifth Circuit has upheld regulations restricting the receipt of materials and publications with explicit sexual content that is deemed harmful to the security of the institution and rehabilitation of inmates. *Thompson v. Patteson*, 985 F.2d 202, 205-06 (5th Cir. 1993). The Fifth Circuit recognized that the Texas regulation was consistent with the need for rehabilitation and security, both of which are legitimate penological interests. *Id.* at 206-07. To further the legitimate interest in preventing deviate, criminal sexual behavior in the prison population, prison officials may limit prisoners' access to sexually explicit materials even if they are not obscene. *Id*. Prison officials are accorded some discretion in determining which materials are acceptable. *Beard v. Banks*, 548 U.S. 521, 528 (2006). To avoid becoming the primary arbiters of the day-to-day operations and affairs of the prison administration, courts generally defer to the judgment of prison

administrators in determining whether a publication or picture is suitable for inmate correspondence. *See Turner*, 482 U.S. at 89. Though plaintiff complains about prison officials' interpretation of the policy regarding sexually explicit images, prison rules "necessarily confer a certain degree of discretion on prison authorities" to determine what constitutes impermissible sexually explicit material. *Thompson*, 985 F.2d. at 207.

The policy in question in this case, BP 03.91, is facially neutral and "provides that a publication may be rejected due to content if it includes contraband; material written solely for the purpose of communicating information designed to achieve the breakdown of prisons; information concerning the manufacture of explosives, weapons, and drugs; material related to setting up and operating criminal schemes; or sexually explicit images." *Keys*, 737 F. App'x at 719. Considering all of the relevant factors, the policy at issue in this case rationally related to a legitimate penological goal. Plaintiff's disagreement with the prison's definition or determination of what is sexually explicit material is insufficient to establish that the regulation is not rationally related to a legitimate penological goal, including the protection of female guards and prevention of inappropriate sexual behavior among inmates. Moreover, even if the officials did not follow prison policy, this does not, in itself, amount to a constitutional violation. *Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009). Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted.

## Recommendation

This action should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 31st day of March, 2022.

                                                                           Zack Hawthorn
                                                                           United States Magistrate Judge