| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

MICHEAL JERRIAL IBENYENWA, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:19-CV-1
§
TEXAS BOARD OF CRIMINAL JUSTICE, §
*et al.*, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Micheal Jerrial Ibenyenwa, an inmate at the Polunsky Unit, proceeding *pro se*, brought the above-styled lawsuit. The action was previously dismissed for failing to state a claim upon which relief may be granted.

Plaintiff filed a motion to alter or amend judgment. The motion was denied on December 5, 2022. Plaintiff has now filed a motion for relief from judgment (#63) in which he seeks relief from the judgment under Rule 60(b) and reconsideration of the denial of the previous motion to alter or amend judgment. This order considers such motion.

Rule 60, Fed. R. Civ. P., provides in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

After careful consideration of plaintiff's motion, the court is of the opinion that the motion fails to set forth a meritorious ground warranting relief. Plaintiff attempts to have the court once again consider his meritless claims. The appropriate vehicle to challenge a district court's judgment is an appeal, not a Rule 60(b)(6) motion. *See Diaz v. Stephens*, 731 F.3d 370, 377-79 (5th Cir. 2013). "Rule 60(b) simply may not be used as an end run to effect an appeal outside the

specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).  Relief under Rule 60(b) should be granted only in "extraordinary circumstances." *Iljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).  Plaintiff's reassertion of his previous arguments challenging the court's determinations made in this case lack merit and do not rise to the level of the extraordinary circumstances required for relief under Rule 60(b).  Accordingly, plaintiff's motion for relief from the judgment should be denied.

## ORDER

For the reasons set forth above, plaintiff's motion for relief from judgment should be denied.  It is therefore,

**ORDERED** that plaintiff's motion for relief from judgment is **DENIED**.

**Signed this date**
**Aug 28, 2023**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

2